**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02435-CMA

STANLEY O. STUMBAUGH,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES PURSUANT
TO THE EQUAL ACCESS TO JUSTICE ACT (EAJA)**

---

This matter is before the Court on Plaintiff's Application for Attorney Fees Under the Equal Access To Justice Act (Doc. # 25). The Court has jurisdiction under 28 U.S.C. § 2412. For the reasons stated below, Plaintiff's motion is granted.

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 5), and the Court's oral ruling. (Doc. # 24.) A short recap follows.

Plaintiff's application for Social Security Disability Benefits was denied by Defendant, a decision later affirmed by an Administrative Law Judge ("ALJ"). After the Appeals Council denied Plaintiff's request for review, Plaintiff appealed to this Court. In a July 26, 2010 oral ruling, the Court reversed the ALJ's decision and remanded for further proceedings. This Court found that the ALJ had erred when he found that there

was not substantial evidence in the record to support the existence of a medically determinable impairment during the relevant time period.  (Doc. # 24 at 10.)

After issuing its order, the Court entered judgment in favor of Plaintiff and against Defendant on July 26, 2010.  (Doc. # 23.)  On September 25, 2010, Plaintiff filed an application requesting attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Doc. # 25.)  Defendant responded on October 8, 2010 (Doc. # 26), and Plaintiff replied on October 29, 2010.  (Doc. # 29.)

## I. ANALYSIS

### A. SUBSTANTIAL JUSTIFICATION

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust.  28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

Defendant does not dispute that Plaintiff is a prevailing party and does not assert any special circumstances, thus, the only issue is whether Defendant's position was substantially justified.  Although this Court has already found that the ALJ committed reversible error, an EAJA analysis requires a fresh look.  *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988) (noting that the government's "position can be justified even though it is not correct").  It is the government's burden to show that its position was substantially justified.  *See Hackett v. Barnhart*, 475 F.3d 1166, 1173 (10th Cir. 2007).

"The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 2005); *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("the EAJA . . . favors treating a case as an inclusive whole, rather than as atomized line-items.").

The government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. In other words, "the government must prove that its case had a reasonable basis in law and in fact." *Hadden*, 851 F.2d at 1267; *see also United States v. 2,116 Boxes of Boned Beef*, 726 F.2d 1481, 1487 (10th Cir. 1984) (noting that there must be "a reasonable basis in truth for the facts . . . a reasonable basis in law for the theory it propounds . . . [and] the facts alleged [must] reasonably support the legal theory advanced.").

In this case, Defendant claims his position was substantially justified because the case required the ALJ to perform the difficult task of inferring the onset date of disability from a record that did not contain any contemporaneous medical records. This is particularly difficult when, as here, "the alleged onset date and the date last worked are far in the past and adequate medical records are not available." SSR 83-20, 1983 WL 31249, at *2 (1983).

Nevertheless, the Court finds that Defendant's position was not substantially justified. In its oral ruling, the Court found that the ALJ's decision, essentially requiring a claimant to have sought treatment contemporaneously with the insurance period and be able to produce medical records, imposed "too harsh" a standard. (Doc. # 24 at 3.) The

Court noted, and the government acknowledged, that a retrospective diagnosis supplemented by a credible description of the claimant's symptoms during the time period the claimant was insured is adequate to support a finding of disability. *See Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990). Thus, the ALJ applied an overly stringent standard in assessing evidence of a retrospective diagnosis. The ALJ's deviation in this case from Tenth Circuit law undermines the government's assertion that its position was reasonable in law.

Furthermore, the Appeals Council is mandated to review new, material and relevant evidence submitted by claimants. 20 C.F.R. § 404.970(b); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). That review did not occur in this case. After the ALJ had issued his Order, Dr. Elyse Morgan, PH.D. submitted a medical report containing new, material, and relevant evidence. (Doc. # 24 at 9-10.) However, the Appeals Council failed to consider this report because it mistakenly believed that the ALJ had considered the report. Defendant contends that the ALJ cannot be blamed for failing to consider evidence not before it. However, the substantial justification inquiry is not concerned only with whether the ALJ's decision was reasonable. This Court must look instead at the Defendant's position both during the underlying agency action and during subsequent litigation. *Hackett*, 475 F.3d at 1173. That the Appeals Council, rather than the ALJ, committed legal error by failing to review new evidence does not excuse the fact that legal error was committed.

**B.      REASONABLENESS OF ATTORNEY FEES**

Plaintiff requests an award in the amount of $12,811.98, as compensation for 73.1 hours expended at a rate of $175.2665 per hour.  In support of this Motion, Plaintiff's attorney submitted an Affidavit that documented the attorney's time records.[1] (Doc. # 25-1.)  Although Plaintiff has met the threshold conditions for an award of fees under the EAJA, this Court must still determine what fee is reasonable.  *INS v. Jean*, 496 U.S. 154, 161 (1990).  Defendant objects to Plaintiff's Motion on the grounds that the number of hours spent by Plaintiff's attorney was excessive.  Defendant argues that the "typical number of hours spent before the district court on a Social Security disability claim is between 20 and 40."  (Doc. # 26 at 7.)  Although some social security cases may require less time, the Court finds that the 73.1 hours expended is not atypical. *See, e.g.*, *Tavarez v. Heckler*, 610 F. Supp. 1059, 1064 (S.D.N.Y. 1985) (100 hours expended); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 914 (E.D. Wis. 2004) (61 hours expended).  This case presented complex legal questions and contained a voluminous record consisting of 733 pages.  The Court has reviewed the Plaintiff's attorney's time records and finds that the expenditure of time was reasonable.

Under the EAJA fees are not to exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher

---

[1] The Affidavit also includes 12.25 hours that were billed for time spent in administrative proceedings before the ALJ and the Appeals Council.  In his Reply brief, Plaintiff concedes that these 12.25 hours are not compensable under the EAJA.  However, Plaintiff requests additional compensation in the amount of $639.72 for the 3.65 hours spent by Plaintiff's attorney in preparing the Reply.  *See Jean*, 496 U.S. at 166 (holding that the EAJA was intended "to cover the cost of all phases of successful civil litigation").

fee." 28 U.S.C. § 2412(d)(2)(A). To adjust for cost of living increases, courts routinely rely on the Consumer Price Index ("CPI") report published by the U.S. Bureau of Labor Statistics. Use of the CPI has been accepted in this district, *see, e.g.*, *Wood v. Astrue*, No. 06-cv-01770, 2009 WL 4730742, at *1 n.1 (D. Colo. Dec. 3, 2009), Plaintiff's calculations appear to be correct, and the Commissioner does not object to the proposed rates. Thus, the Court accepts that the rate sought by Plaintiff's attorney accurately reflects the cost of living increases.

## II. CONCLUSION

Accordingly, IT IS ORDERED THAT Plaintiff's Application for Attorney Fees (Doc. # 25) is GRANTED and that Defendant is ORDERED to pay to Plaintiff attorney fees in the amount of **$12,811.98** under the EAJA. The EAJA attorney fees award shall be made payable to Plaintiff and delivered to Plaintiff's attorney.

DATED: April  07 , 2011

BY THE COURT:

*/s/ Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge